UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JOHN B. DEARING, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:24-CV-00040-JRG-CRW |
| MORRISTOWN POLICE DEPT, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1983, Plaintiff John B. Dearing, proceeding pro se, alleges violations of his Fourth Amendment rights in connection with a traffic stop. [Doc. 1]. He also brings related claims under state law. Before the Court are motions to dismiss filed by the Defendants, Morristown Police Department ("MPD") [Doc. 20]; Hamblen County Sheriff's Department ("HCSD") [Doc. 13]; and Tennessee Highway Patrol ("THP") and Trooper Kadron Bullington of the Tennessee Highway Patrol (collectively "the THP Defendants") [Doc. 18].[1] Also before the Court is HCSD's motion to strike the Amended Complaint [Doc. 16] and Plaintiff's motion to strike Defendants' motions to dismiss [Doc. 23].

As discussed below, HCSD's motion to strike the Amended Complaint for failure to comply with Rule 15 [Doc. 16] will be **DENIED**; the Amended Complaint [Doc. 15] will be **STRICKEN** for failure to comply with Rule 11; and Plaintiff's motion to strike the motions to dismiss [Doc. 23] will be **DENIED**. Defendants' motions to dismiss will be **GRANTED** in part and **DENIED** in part, and this action will be **DISMISSED**.

---

[1] MPD and the THP Defendants cite Fed. R. Civ. P. 12(b)(6) as the basis for their motions to dismiss. [Docs. 18, 20]. In contrast, HCSD entitles its motion "Motion to Strike/Motion for Summary Judgment," citing "Fed. R. Civ. Pro. 12 and Fed. R. Civ. Pro. 56" as grounds for relief. However, since HCSD argues that Plaintiff "fails to state a claim" [*see* Doc. 14], the Court construes HCSD's motion as also being raised under Rule 12(b)(6).

## I. BACKGROUND

### A. Allegations in the Complaint

On March 27, 2023, Trooper Bullington stopped Plaintiff for speeding. [Doc. 1 at 2]. However, she had no evidence that he had committed a traffic infraction. [*Id.*]. When Trooper Bullington asked Plaintiff to exit the vehicle, he refused and declined to answer questions. [*Id.*]. Trooper Bullington opened the driver's side door while an officer from MPD "grabbed [him] to the pavement," causing him to suffer a broken neck and lacerations to his head and hand. [*Id.*]. Then Plaintiff's property was searched and law enforcement asked him to perform a field sobriety test. [*Id.*]. However, due to the recent assault, Plaintiff refused to do the test. [*Id.*]. Plaintiff was denied any medical treatment and was taken to Hamblen County Jail. [*Id.*].

Following the traffic stop, Trooper Bullington submitted an affidavit of complaint containing false statements, including a "misrepresented case of beer in the vehicle." [*Id.*]. As a result, Plaintiff faced "a slew of unfounded false charges" including speeding, driving under the influence, violation of implied consent, resisting arrest, possession of a firearm while intoxicated, and a seatbelt violation. [*Id.* at 2–3]. Ultimately, after consulting a lawyer, he pled guilty to reckless endangerment. [*Id.* at 3].

### B. Procedural Background

Based on the facts above, Plaintiff filed this § 1983 action, alleging that his Fourth Amendment rights were violated when he was stopped without probable cause, subjected to an unlawful search and seizure, and arrested based on false charges.[2] [*Id.*]. He also raises related state

---

[2] Plaintiff's claims for unreasonable search and seizure and false arrest are governed by the Fourth Amendment. *See Herring v. United States*, 555 U.S. 135, 136 (2009) ("The Fourth Amendment forbids unreasonable searches and seizures[.]") (internal quotation marks omitted)); *Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020) ("This court has recognized that claims for false arrest and malicious prosecution are both constitutionally cognizable and both arise under the Fourth Amendment."). The Fourth Amendment would also govern any claim for excessive force. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original) ("*[A]ll* claims that law enforcement officers have

claims, including allegations of police brutality. [*Id.* at 2–3]. Plaintiff seeks money damages and the "expungement of his record relating to this incident." [*Id.* at 3].

On June 6, 2024, HCSD filed a motion to dismiss, asserting that it is not a suable entity under § 1983 and that Plaintiff fails to state a claim against it. [Doc. 13].

One week later, Plaintiff filed an amended complaint, in which he provided additional factual details, but raises essentially the same claims as the original Complaint. [Doc. 15]. HCSD then moved to strike the Amended Complaint for failure to comply with Rule 15. [Doc. 16].

THP and Trooper Bullington jointly filed a motion to dismiss on June 21, 2024. [Doc. 18]. In the motion, they assert that THP is not a suable entity under § 1983; that Plaintiff's claims for unlawful search and seizure are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); and that Trooper Bullington is entitled to qualified immunity. [*Id.* at 1–2]. Attached to its motion, the THP Defendants included state court records showing that Plaintiff was convicted of reckless endangerment and unlawful possession of a weapon in connection with the traffic stop. [Doc. 18-1].

On June 28, 2024, MPD filed a motion to dismiss, asserting that it is not a suable entity; that the unreasonable search and seizure claims against it are barred by *Heck v. Humphrey*; and that the Complaint fails to allege facts necessary to sustain a claim. [Doc. 20 at 1]. Notably, MPD also contends that the Complaint is the operative pleading in this case because the Amended Complaint failed to comply with Rule 11. [Doc. 21 at 1–2].

Plaintiff did not file a timely response to any of Defendants' motions. Then on January 29, 2025, Plaintiff filed a motion to strike Defendants' motions to dismiss for failure to comply with

---

used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment.").

3

the Court's meet and confer requirement. [Doc. 23]. Defendants responded in opposition. [Docs. 24, 25, 26].

This matter is ripe for review.

## II. MOTIONS TO STRIKE

As a preliminary matter, the Court will addresses the parties' arguments regarding striking the Amended Complaint and Plaintiff's motion to strike the motions to dismiss.

### A. Striking Amended Complaint

HCSD and MPD both contend that the Amended Complaint should be stricken or disregarded.

According to HCSD, the Amended Complaint should be stricken under Rule 15. [Doc. 16]. Rule 15 governs when parties may amend a pleading. Fed. R. Civ. P. 15. As relevant here, the Rule allows a plaintiff to amend a complaint "once as a matter of course" within twenty-one days of being served with a responsive pleading or a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). Here, Plaintiff filed his first and only amendment to the complaint on June 13, 2024, fewer than twenty-one days after HCSD served its motion to dismiss. At that stage of proceedings, he was entitled to amend his pleading as a matter of course. Therefore, striking the Amended Complaint under Rule 15 is not warranted and HCSD's motion to strike is **DENIED**.[3]

MPD asserts that the Amended Complaint is not the operative complaint because it fails to comply with Rule 11. [Doc. 21 at 1–2]. Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Under existing United States Supreme Court precedent, a signature must be

---

[3] HCSD also asserts that the Amended Complaint should be stricken because Plaintiff fails to state a claim. [Doc. 16]. However, that reason alone is insufficient, since under Rule 15, Plaintiff was entitled to file an amended pleading as a matter of course. As discussed below, Rule 11 does provide a basis for striking the Amended Complaint and because the amended pleading fails to state a claim, allowing Plaintiff to correct the omission would be futile.

4

handwritten; a typed name does not satisfy the Rule. *Becker v. Montgomery*, 532 U.S. 757, 764 (2001) ("As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)."). Here, Plaintiff's Amended Complaint includes his typed name but lacks the required handwritten signature. [*See* Doc. 15 at 5].

Under Rule 11, the Court "shall strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). Here, Plaintiff's omitted signature was called to his attention by MPD's motion to dismiss. [Doc. 21 at 1–2]. And now, more than six months later, Plaintiff has not corrected the omission. Certainly, the Court could provide Plaintiff with additional time to submit a properly signed pleading. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, doing so would be futile because, as noted above, the Amended Complaint is not materially different from the original Complaint. And like the original Complaint, the Amended Complaint would not withstand a motion to dismiss.[4]

"A court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Accordingly, the Court declines to afford Plaintiff additional time to correct the Amended Complaint and it is **STRICKEN** for failure to comply with Rule 11. The original Complaint is the operative pleading in this case.

### B. Plaintiff's Motion to Strike Motions to Dismiss

---

[4] The Court notes that in the Amended Complaint, Plaintiff adds the Fourteenth Amendment as a basis for relief. However, that addition has no material effect on the Court's analysis of Plaintiff's claims. Also in the Amended Complaint, Plaintiff adds an allegation that unidentified HCSD officers searched his person and knocked his head against the pavement. [Doc. 15 at 2]. However, even considering this allegation, Plaintiff's claims against HCSD fail because, as discussed below, he alleges no facts showing that he was injured due to a policy or practice of the Sheriff's Department. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Plaintiff moves to strike Defendants' motions to dismiss for failure to comply with the Court's meet and confer requirement. [Doc. 23]. Pursuant to the Order Governing Motions to Dismiss, the parties must meet and confer prior to the filing of a motion to dismiss to determine whether a defect is likely to be cured by amendment. [Doc. 6]. Failure to comply with this rule may result in a motion to dismiss being stricken. [*Id.*]. Upon a review of the record, the Court notes that the motion to dismiss filed by the THP Defendants contains the required certification, while the motions submitted by MPD and HCSD do not. In any event, Plaintiff did not raise this issue until January 2025, approximately six months after his deadline to respond to Defendants' motions. By failing to submit a timely response to Defendants' motions, Plaintiff waived opposition to them. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Moreover, Plaintiff fails to identify any deficiencies in the Complaint that could have been cured had the required meeting taken place. Therefore, Plaintiff has not shown that he was prejudiced by HCSD and MPD's failure to confer with him.

For the reasons stated above, Plaintiff's motion to strike is **DENIED**.

### III. MOTIONS TO DISMISS

The Court now turns to Defendants' motions to dismiss.

#### A. Legal Standard

To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the plaintiff's favor. *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). The

Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, pro se litigants are not exempt from rules of civil procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And courts "have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225 (2004).

**B.     Discussion**

To establish liability under § 1983, Plaintiff must demonstrate that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). For the purposes of a § 1983 action, a "person" includes individuals and local government bodies. *Monell*, 436 U.S. at 690. There is no vicarious liability under 1983. *Iqbal*, 556 U.S. at 676. Thus, Plaintiff must make a clear showing that the particular defendant was personally involved in the activity that forms the basis of the complaint. *Id.*

**1.     Tennessee Highway Patrol**

Claims against a state agency, such as the THP, are considered to be claims against the state. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100 (1984). A state is not a "person" that can be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Moreover, the Eleventh Amendment prohibits suits against a state or its agencies in federal

7

court for damages, unless Congress has abrogated its immunity, or the state has expressly waived it. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. The State of Tennessee has not waived its immunity to suit under § 1983. *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). Thus, Plaintiff cannot state a § 1983 claim against THP and his claims against it will be dismissed.

### 2. Hamblen County Sheriff's Department

Because a sheriff's department is not a "person" subject to suit under § 1983, the Court construes Plaintiff's claims against HCSD as claims against its parent entity, Hamblen County. *See O'Hair v. Winchester Police Dep't*, No. 16-6235, 2017 U.S. App. LEXIS 20644, at *12 (6th Cir. Oct. 18, 2017) ("As a political subdivision of [the county], the Sheriff's Office is not an entity subject to suit under § 1983, and thus, we deem the claim against it to be a claim against the county."). "For a county to be liable under § 1983, the plaintiff must demonstrate that the county's officers committed a constitutional violation as a result of a county custom or policy." *Id.* (citing *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 900 (6th Cir. 2004)). In the Complaint, Plaintiff alleges no facts showing that a HCSD officer injured him due to a custom or policy of Hamblen County. Hence, this claim must be dismissed.

### 3. Morristown Police Department

Like a sheriff's department, a police department is not considered a "person" within the meaning of § 1983. *Lynn v. Zanesville*, No. 21-3583, 2022 U.S. App. LEXIS 3397, at *3 (6th Cir. Feb. 7, 2022) (internal citation omitted). Accordingly, the Court construes Plaintiff's claims against MPD as being against the municipality, the City of Morristown. *Id.* ("Because the . . . Police Department is not an entity subject to suit, [the plaintiff's § 1983] claim against the department must be construed as against the city."). As with a county, a municipality may be liable in a § 1983 action only when a governmental policy or custom causes the deprivation of a

constitutionally protected right. *Monell*, 436 U.S. at 690–91. Here, Plaintiff claims that an unnamed MPD officer "grabbed [him] to the pavement," causing injury. However, Plaintiff fails to provide any facts showing that this conduct resulted from a policy or custom of the police department. Hence, Plaintiff fails to state a claim against MPD.

### 4. Trooper Bullington

Plaintiff alleges that Trooper Bullington stopped him without probable cause; opened the door of his vehicle when he refused to exit; subjected him to a false arrest; and brought false charges against him. Trooper Bullington contends that these claims for unlawful search and seizure are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court agrees.

Under *Heck*, a district court must consider whether a plaintiff's success in a § 1983 suit "would necessarily imply the invalidity of [the plaintiff's] conviction and sentence." *Id.* at 487. "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* The *Heck* doctrine bars a § 1983 claim for unlawful search and seizure "where the contested search produced the *only* evidence supporting the conviction and no legal doctrine could save the evidence from exclusion." *Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008).

Based on the incident at issue here, Plaintiff was convicted of reckless endangerment and unlawful possession of a weapon.[5] [Doc. 1 at 3; Doc. 18-1]. If, as Plaintiff claims, the traffic stop was unlawful, that would mean that he was not speeding—thereby casting doubt on his reckless endangerment conviction—and evidence obtained during the stop—including the "misrepresented

---

[5] In the Complaint, Plaintiff only acknowledges that he was convicted of reckless endangerment. [Doc. 1 at 3]. However, court records submitted by the THP Defendants show that he was also convicted of the unlawful possession of a weapon. [Doc. 18-1]. The Court may consider those extraneous records because Plaintiff's criminal charges "are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

9

case of beer in the vehicle" and the weapon he was convicted of unlawfully possessing—would be subject to exclusion as fruit of an unconstitutional search and seizure. *United States v. Akridge*, 346 F.3d 618, 623 (6th Cir. 2003) (citing *Wong Sun v. United States*, 371 U.S. 471 (1963)) ("The exclusionary rule generally bars the admissibility at trial of tangible evidence . . . acquired through unconstitutional means."). Indeed, Plaintiff seems to recognize that his success in this action would imply that his convictions are invalid, since part of the relief he requests is "[e]xpungement of [his] record relating to this incident." [Doc. 1 at 3]. Because the contested search and seizure "produced the only evidence supporting the conviction and no legal doctrine could save the evidence from exclusion," Plaintiff's claims against Trooper Bullington for unlawful search and seizure cannot proceed under *Heck*.[6]

Because Plaintiff fails to state a claim against Trooper Bullington, all claims against her will be dismissed.

### C. State Law Claims

Because the Court grants Defendants' motions to dismiss Plaintiff's federal claims, the Court will exercise its discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–727 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). Accordingly, Plaintiff's state law claims will be **DISMISSED** without prejudice.

## IV. CONCLUSION

---

[6] To the extent that Plaintiff raises a Fourth Amendment claim of excessive force or a Fourteenth Amendment claim for denial of medical care, his claims are not necessarily barred by *Heck*. However, any such claims against Trooper Bullington fail because Plaintiff alleges no facts showing that she used force against him or denied him necessary medical care.

For the reasons discussed above, HCSD's motion to strike the Amended Complaint for failure to comply with Rule 15 [Doc. 16] is **DENIED**; the Amended Complaint [Doc. 15] is **STRICKEN** for failure to comply with Rule 11; and Plaintiff's motion to strike the motions to dismiss [Doc. 23] is **DENIED**. Defendants' motions to dismiss [Docs. 13, 18, 20] will be **GRANTED** as to all federal claims and **DENIED** as to Plaintiff's state law claims. Plaintiff's claims arising under state law will be **DISMISSED** without prejudice pursuant to 28 U.S.C. §1367(c). And this action will be **DISMISSED**.

An appropriate Judgment will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE